**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| SFG COMMERCIAL AIRCRAFT | ) | |
| LEASING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:09 CV 101 PPS |
| | ) | |
| N59CC, LLC, | ) | |
| JOHN D. WRIGHT, and | ) | |
| NANETTE WRIGHT, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff SFG Commercial Aircraft Leasing, Inc. moves for summary judgment [DE 18]

of its action against Defendants N59CC, John Wright, and Nanette Wright for breaching the

terms of a loan and security agreement and promissory note. SFG argues that summary

disposition is proper because the parties do not dispute liability or the amount of damages.

Because I agree, summary judgment is granted.

I'll start with the facts which are undisputed. On March 25, 2008, 1st Source Bank and

N59CC entered into a loan and security agreement. [DE 19 at 1-2.] Pursuant to this agreement,

1st Source loaned N59CC $1,020,000 in return for a promissory note in that amount and a lien

and security interest in an aircraft, which the parties designated as collateral in case of default.

[*Id.*; DE 1-1 (Loan and Security Agreement), 1-2 (Promissory Note), 1-3 (Aircraft Security

Agreement).] John and Nanette Wright also personally guaranteed payment under the above

agreements. [DE 19 at 2-3; DE 1-4, 1-5 (Guaranties of Payment).]

N59CC eventually defaulted on the loan, and 1st Source accelerated the payments,

making the entire unpaid loan balance, interest, and late fees immediately due. [DE 19 at 4.]

Despite 1st Source's demand for payment, neither N59CC nor the Wrights repaid the balance on the loan. [*Id*. at 5.]

1st Source brought this action seeking satisfaction of the promissory note under the loan and security agreement. [DE 1.] On June 19, 2009, it then assigned its interest in the promissory note and the agreements to SFG. [DE 19 at 4-5.] Days later, SFG repossessed the aircraft that was secured as collateral under the agreements [DE 24-1], and on August 13, 2009, SFG moved for summary judgment of this action, seeking $1,053,357.17 plus interest accruing daily.[1] [DE 18.]

Two weeks later, N59CC contacted SFG regarding a short sale offer to purchase the aircraft for $600,000, which would have netted SFG $570,000 against the total balance due. [DE 24 at 2.] After receiving the offer, SFG asked N59CC in an email exchange whether it believed $600,000 was a fair price for the aircraft and if N59CC would be willing to have the aircraft sold at that price. [DE 29-1.] N59CC responded that it believed the plane was worth more than $600,000, but indicted that it was inclined to move forward with the sale if SFG agreed to release its lien and structure a settlement for payment of the remaining balance due. [*Id*.] SFG stated it would release its lien if it received $600,000 in sale proceeds, assuming N59CC believed $600,000 was a commercially reasonable price. [*Id*.] But the sale never happened, and N59CC now blames SFG for failing to seal the deal.

---

[1] SFG asserts that the total damages consists of $976,467.56 in unpaid principal, $64,830.98 in unpaid interest, $5,155.56 in unpaid late fees, and $6,903.07 for attorneys' fees and expenses, totaling $1,053,357.17. [DE 19 at 5.] And interest accrues at a rate of $248.19 per day from August 14, 2009. [*Id*.] N59CC and the Wrights do not dispute these number.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment carries the initial burden of demonstrating an absence of evidence to support the position of the non-moving party. *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). The non-moving party must then set forth specific facts showing that there is a genuine issue of material fact and that the moving party is not entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 252 (1986). A genuine dispute about a material fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 248.

SFG has met its burden. It has presented evidence demonstrating that 1st Source loaned N59CC $1,020,000, and N59CC has failed to repay the loan pursuant to the parties' agreements. And John and Nanette Wright executed personal guarantees for the entire loan amount. But they too have failed to repay the loan pursuant to these agreements. Thus, according to SFG, N59CC and the Wrights are on the hook for $1,053,357.17, with interest accruing daily.

N59CC and the Wrights do not dispute this evidence and thus concede liability and damages pursuant to the agreements. *See* N.D Ind. L. R. 56.1(b); *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) ("When a responding party's statement [of facts] fails to dispute the facts set forth in the moving party's statement . . . those facts are deemed admitted"). Instead, they argue that summary judgment is not appropriate because SFG acted in bad faith and failed to proceed in a commercially reasonable manner by refusing an offer that would have reduced the debt by $570,000. Therefore, they contend SFG's award in this action should be

reduced by $570,000, or at the very least, the commercial reasonableness of SFG's actions should be deemed a question of fact precluding summary judgment.

While commercial reasonableness under the UCC is generally a question of fact, courts have determined the commercial reasonableness of a party's action as a matter of law where the material facts are undisputed and a reasonable jury could only come to one conclusion. *See Wainwright Bank & Trust Co. v. Railroadmens Federal Savings & Loan Assoc. of Indianapolis*, 806 F.2d 146, 150-51 (7th Cir. 1986); *Leasing Service Corp. v. River City Const., Inc.*, 743 F.2d 871, 878 (11th Cir. 1984) ("Generally, the issue of commercial reasonableness is a question for the jury. Where there are no disputes as to material facts, however, the issue becomes a question of law.") (internal cites omitted).

The undisputed facts here show that about a month after SFG repossessed the airplane, N59CC presented an offer for the plane that it believed was *less than* what the plane was worth. And N59CC only urged SFG to accept the offer on the condition that SFG structure a settlement agreement for the remaining balance. But SFG faced a number of problems in trying to evaluate the offer. First and foremost is that SFG had not even received the log books from N59CC at the time of the offer. [*See* DE 29-2 ¶ 6.] Selling an aircraft without its log books can be very difficult. The aircraft's log books are defined as "Collateral" under the security agreement. [*See* DE 29 at 3 n.3; DE 29-2.] And SFG was forced to initiate a replevin action in Arizona to have them returned. ( I am told that SFG now has the log books). In any event, because of this fact, at the time the $600,000 offer was received, SFG was unable to entertain any other bids or test the reasonableness of the offer. *See Walker v. McTague*, 737 N.E. 2d 404, 410 (Ind. App. 2000) (considering the number of bids received or solicited and whether the sale was calculated to

bring a satisfactory turnout of bidders in determining the commercial reasonableness of a sale).

None of this suggests that SFG acted in a way that was commercially unreasonable.

In an event, determining the commercial reasonableness of SFG's actions at this point

would be premature. SFG's Complaint seeks a judgment holding N59CC and the Wrights liable

for the remaining amount owed under the relevant agreements. These agreements plainly state

that N59CC and the Wrights have a duty to repay any outstanding balance on the loan in the

event of a default. And the Defendants concede that they have violated the agreements and do

not dispute the remaining balance due. The reasonableness of SFG's decision to turn down an

offer to buy the aircraft does not go to the question of whether the Defendants are liable and for

how much. Instead, it's a matter to be dealt with in later proceedings when SFG attempts to

collect on the judgments.

It remains to be seen whether SFG acted in a commercially reasonable way by not

agreeing to the offer under N59CC's terms. After all, SFG may sell the plane for substantially

*more* than $570,000, at which point N59CC's commercial reasonableness argument would be

moot. The question of whether SFG acted in a commercially reasonable way by turning down an

offer that was, by N59CC's own admission, less than the plane's worth, and offered before SFG

was able to take any other bids, is thus not ripe for adjudication. *See, e.g., Federal Deposit*

*Insurance Corp. v. Brent Resources Group, LTD*, 1986 WL 11998, at \*4 (N.D. Ill. Oct. 17,

1986) (granting plaintiff's motion for summary judgment where "[t]he sale of shares has not

taken place making [the defendant's] objections to the commercial reasonableness of the sale

extraordinarily premature."); *Christie's Inc. v. Davis*, 247 F. Supp. 2d 414, 422 (S.D.N.Y. 2002)

("If the [collateral] is eventually sold improperly or collusively, the [defendants] can bring a

separate lawsuit to challenge the commercial reasonableness of the sale.")  Therefore, the

commercial reasonableness of SFG's actions do not present an issue of fact precluding summary

judgment of this action.

Importantly, the UCC does not require SFG to elect a remedy – SFG is well within its

authority to pursue a judgment against N59CC and the Wrights for the default while

simultaneously repossessing the aircraft.  Under Indiana Code 26-1-9.1-601, after a debtor

defaults, a secured party may "reduce a claim to judgment, foreclose, or otherwise enforce the

claim" and the secured party's rights are "cumulative and may be exercised simultaneously."

Ind Code 26-1-9.1-601(a) and (c).  These provisions allow a secured creditor to repossess

collateral while concurrently suing to enforce a debt.  68A Am. Jur. 2d *Secured Transactions* §

532 (2009).  Thus, SFG may obtain a money judgment for the full amount due and then proceed

to dispose of the collateral.  *See, e.g., Banc of America Leasing & Capital, LLC v. Walker*

*Aircraft, LLC*, 2009 WL 3283885, at *3 (D. Minn. Oct. 9, 2009) (finding UCC provisions 9-

601(a) and (c) "expressly permit [the plaintiff] to obtain a money judgment for the full amounts

due on the loans even though [the plaintiff] is in possession of the Aircraft," which was secured

as collateral after default); *Center Capital Corp. v. JR Lear 60-099, LLC*, 2009 WL 4840942, at

*3 (D. Del. Dec. 16, 2009) (same); *Center Capital Corp. v. Marlin Air, Inc.*, 2008 WL 937491,

at *5 (E.D. Mich. Apr. 7, 2008) ("[T]he Court finds Plaintiff's position, that it can

simultaneously obtain a money judgment and foreclose its lien, to be supported by the express

terms of the contract, the applicable caselaw, and the UCC."); 68A Am. Jur. 2d *Secured*

*Transactions* § 534 (2009) ("A secured creditor may take any action or combination of actions

until the debt is satisfied, subject to the limitation that the creditor can obtain only one

6

satisfaction of the debt.").

The check on a plaintiff's right to pursue multiple remedies under the UCC is the requirement that a plaintiff proceed in a commercially reasonable manner and apply the proceeds of the disposition to the amount owed by the defendant. *See* Ind. Code 26-1-9.1-608, 9.1-609, 9.1-610; *see also* 68A Am. Jur. 2d *Secured Transactions* § 534 (2009) ("[T]he creditor's double recovery . . . is prevented by the requirements that the creditor proceed in a commercially reasonable manner and account to the defendant for the proceeds of the sale of the collateral.") And the Aircraft Security Agreement specifically prescribes the manner in which SFG should dispose of the aircraft. [*See* DE 1-3.] Thus, if SFG fails to conduct its sale of the plane in a commercially reasonable manner, N59CC or the Wrights may then bring an action to recoup any loss. In the meantime, because N59CC and the Wrights concede liability and the amount of damages under the agreements, summary judgment in this action is proper.

Therefore, SFG's motion for summary judgment is **GRANTED**. [DE 18.] Defendants N59CC and John and Nanette Wright are liable, jointly and severally, in the amount of $1,053,357.17, plus interest at the rate of $248.19 per day from August 14, 2009 to the date of judgment.

**SO ORDERED.**

Entered: March 8, 2010

   s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT